## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                                    **Case No. 10-20004-JWL**

**Bruce M. Jones II,**

        **Defendant.**

### <u>MEMORANDUM & ORDER</u>

In December 2010, defendant Bruce M. Jones II entered a plea of guilty to manufacturing marijuana and brandishing a firearm during and in relation to a drug trafficking offense but retained the right to appeal the court's denial of his motion to suppress all evidence discovered in a search of Mr. Jones' residence and vehicle. In April 2011, the court sentenced Mr. Jones to the statutory mandatory minimum of 60 months on the marijuana charge and 84 months on the firearm charge, to be served consecutively, for a total term of 144 months. Thereafter, Mr. Jones appealed the suppression ruling and the Tenth Circuit, in January 2013, affirmed that ruling and the resulting judgment of the court. Mr. Jones did not move to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. This matter is presently before the court on Mr. Jones' request for his "complete case file;" certain docket entries in the case; a copy of his sentencing transcript; and a copy of his psychiatric evaluation (doc. 82). As will be explained, the motion is granted in part and denied in part.

The court begins with Mr. Jones' request for his "complete case file." The court does not possess Mr. Jones' case file and has not control over that file—only Mr. Jones' former counsel

would maintain that file.  While the court empathizes with Mr. Jones' failed attempts to make contact with his former counsel, who has been suspended from practicing law in this court, the court simply cannot provide the relief requested by Mr. Jones.  The court, however, will direct the Clerk of the Court to send a copy of this order to former counsel's last known address.

With respect to the specific docket entries requested by Mr. Jones, the Clerk of the Court has agreed to send that information to Mr. Jones at no charge and the court therefore will direct the Clerk of the Court to send docket entries #3, #9, #22 and #28 as specifically requested by Mr. Jones.

Finally, the court turns to Mr. Jones' request for a copy of his sentencing transcript (doc. 71) and his sealed forensic mental health evaluation (doc. 45).  Mr. Jones does not indicate a willingness to pay the fee necessary to obtain copies of these materials and he is not entitled to free copies of these materials.  Under 28 U.S.C. § 753(f), the government shall pay the fees for transcripts in a § 2255 proceeding if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993).  Because Mr. Jones has no current pending § 2255 motion or any other request for substantive relief, and because he has failed to articulate in his request for the materials any bases for any anticipated motion for substantive relief, Mr. Jones has not satisfied the requirements of § 753(f).  *See id.*  Moreover, because Mr. Jones has not filed a habeas petition, Mr. Jones cannot avail himself of the specific statute that grants indigent petitioners "documents" or "parts of the record" without cost.  *See* 28 U.S.C. § 2250.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Jones' pro se motion for case file and copies (doc. 82) is granted in part and denied in part.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court shall mail to Mr. Jones a copy of docket entries #3, #9, #22 and #28 as soon as practicable and to send a copy of this order to attorney Phillip R. Gibson's last known address.

**IT IS SO ORDERED.**

Dated this  27th day of February, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3