IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                          Case No. 10-20004-JWL

Bruce M. Jones II,

        Defendant.

**MEMORANDUM & ORDER**

In December 2010, defendant Bruce M. Jones II entered a plea of guilty to manufacturing marijuana and brandishing a firearm during and in relation to a drug trafficking offense but retained the right to appeal the court's denial of his motion to suppress all evidence discovered in a search of Mr. Jones' residence and vehicle. In April 2011, the court sentenced Mr. Jones to the statutory mandatory minimum of 60 months on the marijuana charge and 84 months on the firearm charge, to be served consecutively, for a total term of 144 months. Thereafter, Mr. Jones appealed the suppression ruling and the Tenth Circuit, in January 2013, affirmed that ruling and the resulting judgment of the court. Mr. Jones did not move to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

This matter is presently before the court on several pro se motions filed by Mr. Jones—a motion for a copy of Mr. Jones' "case file and discovery" (doc. 85); a motion for reappointment of counsel (doc. 86); a motion for an expedited detention hearing, reappointment of counsel and oral argument (doc. 90); a motion to take judicial notice of facts (doc. 92); and an emergency motion for detention hearing and judicial notice (doc. 93). In essence, through his various

motions, Mr. Jones seeks appointed counsel to assist him with certain matters; seeks immediate release pending resolution of his actual innocence and other claims; seeks a copy of his case file and other discovery; asks the court to take judicial notice of certain facts; and raises numerous ineffective assistance of counsel claims.  As will be explained, the motions are denied.

*Appointment of Counsel*

In his motions, Mr. Jones seeks appointment of counsel to represent him in connection with a hearing proposed by Mr. Jones in which he would seek immediate release and appointment of counsel to file a writ of certiorari because his prior counsel, who has since been disbarred, abandoned Mr. Jones during the appeal process and did not file a writ of certiorari despite his promise to do so.  Both requests are denied.  The right to appointed counsel extends to the first appeal of right, and no further.  *Hooks v. Workman*, 689 F.3d 1148, 1209 (10th Cir. 2012) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)).  Mr. Jones, then, has no Sixth Amendment right to counsel in the course of any post-conviction proceeding.  *See id*.  If and when Mr. Jones files a motion to vacate pursuant to § 2255, the court will re-evaluate at that time any request for appointment counsel.

*Immediate Release*

Claiming actual innocence and an "illegal" conviction, Mr. Jones seeks immediate release and requests a "detention hearing" to raise that issue.  This request is also denied.  Mr. Jones's request is made under 18 U.S.C. § 3142.  That statute, however, only permits a defendant's release at three points in the criminal process—before trial; after conviction but

before sentencing; and after sentencing but during the pendency of an appeal. *See United States v. Chen*, 257 F. Supp. 2d 656, 658 (S.D.N.Y. 2003). Mr. Jones has already appealed his conviction and that appeal has been resolved by the Circuit. He has not shown that he is entitled to a hearing at this juncture.

*Case File and Discovery*

Asserting that he has been unable to obtain his case file and discovery from his trial counsel, Mr. Jones asks the court for a copy of that file and discovery. This court does not have access to these materials and cannot provide it to Mr. Jones. While the government presumably maintains investigative materials in its files concerning Mr. Jones' case, Mr. Jones is not entitled to that material in the absence of a particularized need for those materials—such as specific claim for relief filed in connection with a § 2255 petition. No such petition has been filed and, until that time, the court will not entertain Mr. Jones' generic requests for investigative materials. *See Murrell v. Giroux*, 2015 WL 5009022, at *1 (M.D. Pa. Aug. 20, 2015) ("The court will not authorize a . . . fishing expedition through the government's files in hopes of finding exculpatory evidence.").

*Judicial Notice*

Mr. Jones also asks the court to take "judicial notice" of certain "facts," such as prior counsel's abandonment of Mr. Jones and Mr. Jones' version of the facts underlying his conviction. None of the facts set forth in Mr. Jones' motion can be properly noted under Federal Rule of Evidence 201. This request is denied.

*Ineffective Assistance of Counsel Claims*

The crux of Mr. Jones' motions is that he was been abandoned by his prior counsel during the appeal process such that a writ of certiorari was never filed despite counsel's promise to file one and Mr. Jones' desire that counsel file one. Mr. Jones also asserts a host of other claims related to his counsel's performance. To the extent Mr. Jones seeks to assert these claims, he must do so through a § 2255 petition. The court will not construe his current motions as a petition for relief under § 2255. *United States v. Rodriguez Hernandez*, 2009 WL 3756978, at *2 (D. Kan. 2009) (refusing to re-characterize motion as a § 2255 petition due to risk of precluding subsequent claims in light of bar on successive petitions). While the government contends that any § 2255 motion is necessarily untimely at this point, Mr. Jones is certainly entitled to file a petition and have the court resolve any timeliness concerns at that point.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Jones' pro se motion for "case file and discovery" (doc. 85) is denied; his motion for reappointment of counsel (doc. 86) is denied; his motion for an expedited detention hearing, reappointment of counsel and oral argument (doc. 90) is denied; his motion to take judicial notice of facts (doc. 92) is denied; and his emergency motion for detention hearing and judicial notice (doc. 93) is denied.

**IT IS SO ORDERED.**

Dated this 8th day of September, 2015, at Kansas City, Kansas.

4

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge