IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                                     Case No. 10-20004-JWL

**Bruce M. Jones II,**

        **Defendant.**

## MEMORANDUM & ORDER

In December 2010, defendant Bruce M. Jones II entered a plea of guilty to manufacturing marijuana and brandishing a firearm during and in relation to a drug trafficking offense but retained the right to appeal the court's denial of his motion to suppress all evidence discovered in a search of Mr. Jones' residence and vehicle. In April 2011, the court sentenced Mr. Jones to the statutory mandatory minimum of 60 months on the marijuana charge and 84 months on the firearm charge, to be served consecutively, for a total term of 144 months. Thereafter, Mr. Jones appealed the suppression ruling and the Tenth Circuit, in January 2013, affirmed that ruling and the resulting judgment of the court. Mr. Jones did not move to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

Recently, Mr. Jones filed several pro se motions seeking, among other things, the appointment of counsel, immediate release from prison and a copy of discovery as well as raising numerous ineffective-assistance-of-counsel claims. The court, in September 2015, issued a memorandum and order denying those motions. Briefly put, the court held that Mr. Jones had no constitutional right-to-counsel beyond his first appeal; that he was not entitled to

immediate release or to a hearing on that issue; and that he had not shown a particularized need for any case materials in the possession of the government.  With respect to Mr. Jones' arguments concerning his trial counsel's performance, the court advised Mr. Jones that he must raise those claims in the context of a 2255 petition and, if and when he filed that petition, the court would resolve the government's argument that any petition at this juncture would necessarily be untimely.

Mr. Jones has now filed a motion for reconsideration of the court's memorandum and order denying his various motions.  In that motion, Mr. Jones again urges that his trial counsel abandoned him during the appeal process and now refuses to provide Mr. Jones his case file; that the government withheld *Brady* evidence from him; that his counsel continued to practice law after the suspension of his license; and that the government "covered up" various crimes committed by agents investigating Mr. Jones' case.  He seeks the same relief as in his prior motions—appointment of counsel; a copy of all discovery and his case file; an evidentiary hearing on his claim for immediate release; and dismissal of the indictment.  Mr. Jones, however, has not shown an intervening change in the controlling law; new evidence previously unavailable; or the need to correct clear error or prevent manifest injustice.  Reconsideration, then, is not warranted.  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  Moreover, the court fully explained in its prior memorandum and order why it was denying Mr. Jones' various motions.  The court also indicated to Mr. Jones that the only appropriate vehicle for the claims asserted in his motion was through the filing of a § 2255 petition.  The court now reiterates that admonition to Mr. Jones.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Jones' motion for reconsideration (doc. 95) is **denied.**

**IT IS SO ORDERED.**

Dated this 6th day of October, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge