# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

  **Plaintiff,**

v.                  Case No. 10-20004-JWL

**Bruce M. Jones II,**

  **Defendant.**

## MEMORANDUM & ORDER

  In December 2010, defendant Bruce M. Jones II entered a plea of guilty to manufacturing marijuana and brandishing a firearm during and in relation to a drug trafficking offense but retained the right to appeal the court's denial of his motion to suppress all evidence discovered in a search of Mr. Jones' residence and vehicle. In April 2011, the court sentenced Mr. Jones to the statutory mandatory minimum of 60 months on the marijuana charge and 84 months on the firearm charge, to be served consecutively, for a total term of 144 months. Thereafter, Mr. Jones appealed the suppression ruling and the Tenth Circuit, in January 2013, affirmed that ruling and the resulting judgment of the court. Mr. Jones did not move to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

  This matter is now before the court on Mr. Jones' motion for return of unlawfully seized property pursuant to Federal Rule of Criminal Procedure 41(g). Specifically, Mr. Jones seeks the return of property that he alleges was seized during a search of his residence, including numerous machinist tools, miscellaneous tools, household items, a computer, furniture, clothing, a Chevy truck, a wedding ring, a cell phone and cash. He does not allege that any of the

property he seeks was ever considered potential evidence for his federal prosecution. In the alternative, he seeks compensation in the amount of $40,654.00 as the value of the property seized.

A finding that the government actually possesses the property sought is a necessary predicate to the resolution of a Rule 41(g) motion. In response, the government contends that it never seized and does not possess any of the items identified by Mr. Jones in the exhibit attached to his motion. According to the government, some of the items identified by Mr. Jones may have been seized or maintained by the Kansas City, Kansas police department, but none of the items were ever seized or possessed by the federal government. Mr. Jones has not filed a reply to the government's response and has provided no support for his bald assertion that the government seized or ever possessed the items identified by Mr. Jones. There is no evidence before the court suggesting that the government ever possessed any of the items identified by Mr. Jones. The court, then, must conclude that the government was never in possession of any of the items sought by Mr. Jones in his motion. The motion to return property is dismissed. *See United States v. Copeman*, 458 F.3d 1070, 1072 (10th Cir. 2006) (affirming dismissal of Rule 41(g) motion where the United States was not currently in actual or constructive possession of the property; property seized by state law-enforcement officers is not in the constructive possession of the United States unless it is being held for potential use or evidence in a federal prosecution); *United States v. Palacios*, 2015 WL 2406102, at *1 (N.D. Okla. May 19, 2015) (no subject matter jurisdiction over Rule 41(g) motion when federal law enforcement officials do not have actual or constructive possession of property).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Jones' pro se motion for return of property (doc. 103) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 5th day of February, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
