IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                                                   Case No. 10-20004-JWL
                                                                          16-2311-JWL

**Bruce M. Jones II,**

      **Defendant/Petitioner.**

### MEMORANDUM & ORDER

In December 2010, defendant Bruce M. Jones II entered a plea of guilty to manufacturing marijuana and brandishing a firearm during and in relation to a drug trafficking offense but retained the right to appeal the court's denial of his motion to suppress all evidence discovered in a search of Mr. Jones' residence and vehicle. In April 2011, the court sentenced Mr. Jones to the statutory mandatory minimum of 60 months on the marijuana charge and 84 months on the firearm charge, to be served consecutively, for a total term of 144 months. Thereafter, Mr. Jones appealed the suppression ruling and the Tenth Circuit, in January 2013, affirmed that ruling and the resulting judgment of the court. The Circuit's mandate was issued on January 9, 2013. More than three years after the Circuit's mandate, Mr. Jones filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The court then directed the parties to address the threshold question of whether Mr. Jones has timely filed his motion to vacate without addressing the merits of the motion at this time. That briefing is complete and, as explained below, the court dismisses the petition as untimely.

With certain exceptions noted in the statute, the applicable one-year limitations period for a § 2255 petition begins to run from the date a judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Where, as here, the petitioner does not file a petition for certiorari with the United States Supreme Court, the judgment of conviction becomes final and the one-year limitations period begins to run 90 days after the appellate court's decision. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004). Mr. Jones does not dispute that he failed to meet the statutory deadline for filing his habeas petition. Nonetheless, Mr. Jones urges the court to consider his petition for two reasons. First, he contends that he asked his counsel to file a petition for writ of certiorari and believed that his counsel had filed a petition. He contends that he did not discover that no petition had been filed until February or March 2015. Second, he contends that he has a history of multiple head injuries and post-traumatic stress disorder which results in impaired cognitive reasoning, sporadic ability to focus and forgetfulness—all of which contributed to the delay in filing the petition. He contends that he has only recently fully appreciated the nature and extent of these issues and their underlying causes. Because neither reason fits within one of the limited statutory bases for tolling the filing deadline, the court considers whether one or both of these arguments are a basis to equitably toll the filing deadline. *See United States v. Sheridan*, 561 Fed. Appx. 689, 691 (10th Cir. 2014).

The Circuit has made clear that equitable tolling will only apply in "rare and exceptional circumstances." *See, e.g., Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). A petitioner has the burden of establishing that equitable tolling should apply. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). The court first examines Mr. Jones' argument that his counsel failed to file a petition for certiorari despite Mr. Jones' request that he do so. To begin, counsel's

2

negligence is not generally a basis for equitable tolling because attorney negligence is not "extraordinary" and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorney's actions or failures.  *See Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007).  This is particular true where there is no constitutional right to an attorney in the challenged proceeding.  *See id*. at 1255 (habeas counsel's negligence not a basis for equitable tolling because there is no constitutional right to counsel in state post-conviction proceedings).  In this case, Mr. Jones had no constitutional right to counsel in connection with the filing of a petition for certiorari.  *United States v. Fernandez*, 397 Fed. Appx. 433, 434 (10th Cir. Sept. 1, 2010) (counsel's performance cannot be deemed deficient for failure to file petition for certiorari because a defendant does not have a constitutional right to counsel on discretionary appeals).  Any negligence on the part of his counsel, then, is not a reason to toll the statute of limitations.

Nonetheless, the Tenth Circuit recognizes that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period."  *See Fleming*, 481 F.3d at 1256.  In *Fleming*, the petitioner hired counsel to represent him in state post-conviction proceedings.  *Id*.  The petitioner subsequently made a number of inquiries as to the status of his petition and was told each time that it was being prepared and would soon be filed.  *Id*.  But the petition was never filed.  *Id.*  The petitioner, aware that the statute of limitations deadline was approaching, ultimately took matters into his own hands and drafted a petition with the help of a prison clerk.  *Id*.  He submitted it to counsel for review and filing in state court.  *Id*.  However, counsel did not file until after the AEDPA deadline had

passed. *Id.* On these facts, the Circuit concluded that the petitioner was at least entitled to an evidentiary hearing to determine whether equitable tolling should apply. *Id*. at 1256-57.

In contrast, Mr. Jones has not suggested that his counsel's conduct was anything more than mere negligence. Mr. Jones does not contend that he was actively deceived into believing that his counsel was pursuing a discretionary appeal and there is no indication in the record that Mr. Jones ever followed up with his counsel at any time after he instructed his attorney to file the petition. While he states that it became "progressively more difficult" to reach his counsel for an "update," he does not contend that his counsel ever lied to him or ever told him that a petition had in fact been filed. He does not explain to the court the nature and extent of any efforts to contact his counsel after his initial instruction to file the petition. He attaches a February 11, 2013 letter from his counsel enclosing the Tenth Circuit's opinion denying Mr. Jones' appeal, but that letter states only that his counsel "is pursuing our options for a Writ of certiorari" and he specifically cautions Mr. Jones that "very few cases" are accepted by the Court on a petition for certiorari. The letter does not indicate that his counsel intended to file the petition. It appears that this is the last communication between Mr. Jones and his counsel on the matter. On this record, no more than negligence has been shown and Mr. Jones is held responsible for his counsel's failure to file the petition and his own failure to follow up on the status of his case. In sum, Mr. Jones' counsel's failure to file a petition for certiorari—and Mr. Jones' failure to discover for two years that no petition had been filed—is not an exceptional circumstance which would justify the application of equitable tolling.

Neither does the record support the conclusion that Mr. Jones' mental impairments or injuries justify the application of equitable tolling. Equitable tolling of a limitations period

4

"based on mental incapacity is warranted only in 'exceptional circumstances' that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity." *Reupert v. Workman*, 45 Fed. Appx. 852, 854 (10th Cir. 2002) (quoting *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)). The record certainly supports the conclusion that Mr. Jones suffered an injury in June 2015, but there is no evidence supporting Mr. Jones' assertion that he suffered from cognitive impairments resulting from trauma or injuries during the pertinent one-year statute of limitations period. While he contends that he suffered head injuries in 1966, 1980 and 1996, no evidence supports this assertion or otherwise suggests that Mr. Jones suffered long-lasting impairments as a result of any prior injuries. In short, there is simply nothing before the court that might suggest that any mental health condition prevented Mr. Jones from filing a timely habeas petition or otherwise rendered him incapable of pursuing his claim. The court, then, denies equitable tolling based on this theory.

For the foregoing reasons, Mr. Jones' § 2255 petition is barred by the statute of limitations and must be dismissed as untimely. Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's

ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because it is clear that Mr. Jones' petition is untimely, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Jones' motion to vacate under 28 U.S.C. § 2255 is dismissed as untimely.

**IT IS FURTHER ORDERED BY THE COURT THAT** a certificate of appealability is denied.

**IT IS SO ORDERED.**

Dated this 3rd day of October, 2016, at Kansas City, Kansas.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge