## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                      Case No. 10-20004-JWL
                                                 16-2708-JWL

**Bruce M. Jones II,**

      **Defendant/Petitioner.**

### MEMORANDUM & ORDER

On October 3, 2016, the court issued a memorandum and order dismissing Mr. Jones' § 2255 petition—filed more than three years after the Circuit's mandate issued—as untimely. The parties had fully briefed the petition and, after carefully reviewing the record, the court concluded that there was no basis to equitably toll the filing deadline. On October 6, 2016, the court received correspondence from Mr. Jones—in the form of a letter that had been postmarked on October 3, 2016—indicating his desire to withdraw his § 2255 petition. The court held that the request was moot in light of the court's order dismissing the petition as untimely.

On October 17, 2016, Mr. Jones filed another § 2255 petition asserting numerous claims of ineffective assistance of counsel. Because the motion constitutes a second or successive motion under § 2255, Mr. Jones must obtain authorization from the Tenth Circuit prior to filing it. *See* 28 U.S.C. § 2255(h). He has not shown that he obtained such authorization and, thus, this court lacks jurisdiction to consider the motion. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). Thus, the court must either dismiss these claims for lack of jurisdiction or transfer the motion to the Tenth Circuit for a determination whether to permit successive § 2255

proceedings. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). The court should transfer such a motion to the Circuit only when it concludes that a transfer would be "in the interests of justice." *Id.*

The court declines to transfer Mr. Jones' motion to the Circuit as it is not in the interest of justice to do so because it is unlikely that Mr. Jones' claims have merit. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Specifically, he has not shown that his claims satisfy the requirements of § 2255(h). He has not directed the court to any newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Mr. Jones guilty or a new rule of constitutional law that would bear on his conviction. He contends that he has obtained newly discovered evidence in that he learned in May 2016 that his appointed counsel was never licensed to practice law in Kansas at any time. While that may be true, that fact has no bearing on whether a reasonable factfinder would have found Mr. Jones guilty of the offense charged. Moreover, the fact that Mr. Jones' counsel was never licensed to practice law in the state of Kansas has no bearing on his ability to practice law in the District of Kansas. At the time counsel was representing Mr. Jones, he was authorized to practice law in this court based on his authorization to practice in the Western District of Missouri which, in turn, was based on his admission to the Missouri bar. *See* D. Kan. Rule 83.5.2(a). To the extent, then, that Mr. Jones recently discovered that his counsel was not admitted to practice law in Kansas, that evidence does not warrant the authorization of a successive § 2255 petition.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Jones' motion to vacate (doc. 120) is **dismissed for lack of jurisdiction.**

**IT IS SO ORDERED.**

Dated this 20th day of October, 2016, at Kansas City, Kansas.

                                                        s/ John W. Lungstrum
                                                        John W. Lungstrum
                                                        United States District Judge