# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

United States of America,

    Plaintiff/Respondent,

v.                                  Case No. 10-20004-JWL
                                          16-2708-JWL
                                          16-2311-JWL

Bruce M. Jones II,

    Defendant/Petitioner.

## MEMORANDUM & ORDER

On October 3, 2016, the court issued a memorandum and order dismissing Mr. Jones' § 2255 petition—filed more than three years after the Circuit's mandate issued—as untimely. The parties had fully briefed the petition and, after carefully reviewing the record, the court concluded that there was no basis to equitably toll the filing deadline. On October 17, 2016, Mr. Jones filed another § 2255 petition asserting numerous claims of ineffective assistance of counsel. The court dismissed that petition for lack of jurisdiction on the grounds that it constituted a successive petition under § 2255 requiring Circuit authorization that Mr. Jones had not obtained. The court declined to transfer that petition to the Circuit because he had not shown that his claims satisfied the requirements of § 2255(h). While Mr. Jones argued that he had "newly discovered evidence" in the sense that he had discovered that his counsel was not admitted to practice law in Kansas at the time he was representing Mr. Jones, the court explained that such evidence was not sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Mr. Jones guilty.

This matter is now before the court on Mr. Jones' Rule 60(b) motion for relief from judgment in both cases. In that motion, Mr. Jones contends that his appointed counsel in his underlying criminal case committed fraud on the court and actively deceived Mr. Jones into believing that he was pursuing a writ of certiorari when in fact he had never filed the petition. He further contends, for the first time, that his counsel was not licensed in any state at the time he represented Mr. Jones and that he actively hid that information from Mr. Jones and the court. Mr. Jones asserts that his attorney's conduct is sufficient to justify reopening Mr. Jones' initial § 2255 petition and applying the doctrine of equitable tolling to excuse the untimeliness of that petition. The court ordered a response from the government and permitted Mr. Jones to reply to that response. The motion is now ripe for resolution.

The court construes Mr. Jones' Rule 60(b) motion as a "true" Rule 60(b) motion (rather than a successive § 2255 petition) because Mr. Jones, at this juncture, is challenging the court's application of the statute of limitations and not the merits of his conviction. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (explaining that a Rule 60(b) motion is a "true" 60(b) motion if it "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application"). Mr. Jones expressly seeks relief under Rule 60(b)(6),[1] which requires a showing of "exceptional circumstances" warranting "extraordinary"

---

[1] No other provisions would appear to apply to Mr. Jones' motion. Rule 60(b)(3) addresses misconduct or misrepresentations by an opposing party rather than a party's own counsel. While Rule 60(d)(3) permits the court to set aside a judgment for "fraud on the court," the record does not demonstrate that Mr. Jones' counsel committed fraud on the court by continuing to represent Mr. Jones even after his suspension from the Missouri Supreme Court. *See Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir.1996) (describing such fraud as "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated).

relief.  *See United States v. Luke-Sanchez*, 327 Fed. Appx. 774, 775 (10th Cir. May 11, 2009).  Relief under Rule 60(b)(6) "will rarely occur in the habeas context."  *Id*. at 775-76.

Mr. Jones cannot show that he is entitled to relief under Rule 60(b)(6).  When it rejected Mr. Jones' equitable tolling arguments in connection with his initial § 2255 petition, the court emphasized that Mr. Jones had not suggested that his counsel's conduct was anything more than mere negligence.  In contrast, Mr. Jones now asserts that he was actively deceived into believing that his counsel was pursuing a discretionary appeal.  These arguments, however, could have been raised earlier in connection with Mr. Jones' initial petition.  A Rule 60(b) motion is not an appropriate vehicle to advance new arguments that could have been raised earlier.  *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016); *see also Cashner v. Freedom Stores, Inc*., 98 F.3d 572, 577 (10th Cir. 1996) ("Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument.").

But even if the court were to reach the merits of Mr. Jones' arguments, those arguments do not warrant relief under Rule 60(b)(6).  Mr. Jones asserts that his counsel was not licensed to practice law during his representation of Mr. Jones.  The record reflects that Mr. Jones' counsel was suspended from the practice of law by the Missouri Supreme Court in January 2011.  But he was admitted to practice law in this court through reciprocal agreement with the Western District of Missouri and there is no evidence that he was unauthorized to practice law in the Western District of Missouri (or, as a result, the District of Kansas) at any time during his representation of Mr. Jones.  Moreover, Mr. Jones's counsel was suspended from the practice of law by the Missouri Supreme Court just prior to Mr. Jones' sentencing in this case.  Counsel's

3

conduct during the sentencing phase of this case gave the court no reason to doubt counsel's fitness to practice law or his attention to Mr. Jones' case. After that time, counsel for Mr. Jones vigorously pursued an appeal of this court's denial of Mr. Jones' suppression motion and the Circuit obviously had no reason to doubt counsel's attention to Mr. Jones' case. During the appeal process, counsel communicated on a regular basis with Mr. Jones—sending letters enclosing the Notice of Appeal; sending a letter summarizing the oral argument for Mr. Jones; and then notifying Mr. Jones when the appeal was denied. Nothing in the record suggests that Mr. Jones' counsel was anything other than actively engaged in the pursuit of Mr. Jones' interests. There is simply no support for Mr. Jones' suggestion that his counsel was distracted or consumed by his efforts to hide his suspension from Mr. Jones.

The record also does not support Mr. Jones further assertion that his counsel "actively" hid from Mr. Jones that he had been suspended by the Missouri Supreme Court. In fact, it is not clear whether his counsel had actual knowledge of his suspension such that he would have been trying to hide it anyway. There is certainly no evidence in the record that counsel's suspension had any bearing whatsoever on Mr. Jones's three-year delay in filing his initial § 2255 petition. And even if his counsel misled Mr. Jones into believing that a petition for certiorari had been filed with the Supreme Court, Mr. Jones has not demonstrated that it was reasonable for him to rely on that assurance for nearly 3 years before filing his § 2255 petition. Indeed, the record reflects that Mr. Jones, no later than May 2015, believed that his counsel had abandoned him and knew at that time that his counsel had not filed a petition for certiorari. *See* doc. 86. He fails to explain why he let another year pass before filing his § 2255 petition. In such circumstances, the court cannot conclude that Mr. Jones acted diligently in pursing his remedies.

*See Holland v. Florida*, ––– U.S. ––––, 130 S. Ct. 2549, 2562 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *Penn v. Kline*, 348 Fed. Appx. 344, 347 (10th Cir. Sept. 25, 2009) (active deceit does not toll limitations period indefinitely; once petitioner is no longer relying on attorney, petitioner cannot be misled by attorney and continued failure to file will not be excused).

For the foregoing reasons, the court concludes that Mr. Jones is not entitled to relief under Rule 60(b)(6).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Jones' motion for relief from judgment (doc. 128) is **denied**.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge